UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____

IN RE:
ALEX HERMOSILLA,                         Chapter 7
          DEBTOR.                        Case No. 05-11048-WCH
_____

HILDA CRISTINA HERMOSILLA,
          PLAINTIFF,
                                         Adversary Proceeding
v.                                       No. 05-1360

ALEX HERMOSILLA,
          DEFENDANT.
_____


MEMORANDUM OF DECISION

I. INTRODUCTION

The matter before the Court is the Plaintiff/Appellee's Motion to Dismiss Appeal (the "Motion to Dismiss") filed by Hilda Cristina Hermosilla ("Cristina") and the objection thereto (the "Objection") filed by Alex Hermosilla (the "Debtor"). Cristina seeks to dismiss the present appeal on the basis that the Designation of the Record on Appeal and Statement of Issues (collectively, the "Designation") were filed one day late. For the reasons set forth below, I will deny the Motion to Dismiss.

On May 26, 2010, I entered judgment in favor of Cristina on the sole remaining count of her complaint. On June 7, 2010, the Debtor filed a timely notice of appeal (the "Notice of Appeal") and election to have his appeal heard by the United States District Court for the District of

Massachusetts. Upon the filing of the Notice of Appeal, the docket entry reflected that the deadline by which to file the Designation was June 21, 2010. The following day, the bankruptcy court's Clerk's Office issued the Notice of Filing of Appeal to District Court which informed the Debtor that, pursuant to Fed. R. Bankr. P. 8006, he was required to file with this Court the Designation within fourteen days of the filing of the Notice of Appeal.

The Debtor, however, did not file the Designation until June 22, 2010. Two days later, Cristina filed the Motion to Dismiss on the basis that the Debtor failed to comply with Fed. R. Bankr. P. 8006 by filing the Designation late.[1] On July 5, 2010, the Debtor filed the Objection denying the untimeliness of the Designation and asserting, *inter alia*, that the absence of merit is not a basis for the bankruptcy court to dismiss the appeal.

## II. DISCUSSION

Fed. R. Bankr. P. 8006 provides that "[w]ithin 14 days after filing the notice of appeal . . . the appellant shall file with the clerk . . . a designation of the items to be included in the record on appeal and a statement of the issues to be presented."[2] If the appellant fails to do so, the Local Rules of the United States District Court for the District of Massachusetts authorize and direct the bankruptcy court to dismiss an appeal.[3] To compute the deadline set forth in Fed. R. Bankr. P. 8006 properly, one must "exclude the day of the event that triggers the period" and "count every day,

---

[1] I note, however, that a large portion of her accompanying memorandum focuses on the alleged frivolity of the Debtor's appeal.

[2] Fed. R. Bankr. P. 8006.

[3] LR, D. Mass. 203(A).

including intermediate Saturdays, Sundays, and legal holidays," including the last day of the period.[4]

In the present case, the Notice of Appeal was filed on June 7, 2010. Applying the formula in Fed. R. Bankr. P. 9006(a), the fourteen day period began on June 8, 2010, the day after the day of the triggering event, and continued through June 21, 2010.[5] Therefore, the Designation, having been filed on June 22, 2010, was one day late.

With few exceptions not relevant here, time periods under the Federal Rules of Bankruptcy Procedure may nonetheless be extended after their expiration upon the filing of a motion where the failure act timely was the result of excusable neglect.[6] In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,[7] the Supreme Court of the United States held that "neglect" includes omissions caused by inadvertence, mistake, or carelessness. It further concluded that the determination of whether neglect is excusable is an equitable one, and courts must consider all relevant circumstances surrounding the party's omission, including:

> the danger of prejudice . . . the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.[8]

Because the Fed. R. Bankr. P. 9006(b)(1) requires a motion, I will construe the Objection as a motion to file the Designation late. Although the Objection takes the erroneous position that

---

[4] Fed. R. Bankr. P. 9006(a)(1)(A)-(C).

[5] Contrary to the Debtor's suggestion, the fact that the Court's notice of filing of appeal entered the day after the Notice of Appeal was filed is not significant because the Notice of Appeal is the triggering event under Fed. R. Bankr. P. 8006.

[6] *See* Fed. R. Bankr. P. 9006(b).

[7] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993).

[8] *Id.* at 395.

the Designation was filed timely, the cause for the delay is apparent - the Debtor simply miscalculated the fourteen day period. Applying the *Pioneer* factors to the present case, it appears the Debtor simply made a good faith mistake in calculating the Fed. R. Bankr. P. 8006 deadline that resulted in the Designation having been filed one day late, prejudicing no one. Despite Cristina's assertions that the appeal was taken in bad faith and is meritless, those are not appropriate grounds for me to dismiss an appeal of my own order.[9] Pursuant to Fed. R. Bankr. P. 9006(b)(1), I will retroactively extend by one day the period in which to file the Designation, rendering the Motion to Dismiss ill taken.

### III. CONCLUSION

In light of the foregoing, I will enter an order extending by one day the deadline by which the Debtor was to file the Designation and deny the Motion to Dismiss.

_____
William C. Hillman
United States Bankruptcy Judge

Dated: July 8, 2010

---

[9] *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Watson v. Boyajian (In re Watson)*, 403 F.3d 1, 6 (1st Cir. 2005); *Whispering Pines Estates, Inc. v. Flash Island, Inc. (In re Whispering Pines Estates, Inc.)*, 369 B.R. 752, 757 (B.A.P. 1st Cir. 2007).