**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL FOR THE FIRST CIRCUIT

_____

**BAP NO. MB 11-045**

_____

**Bankruptcy Case No. 05-11048-WCH**
**Adversary Proceeding No. 05-01360-WCH**

_____

**ALEX HERMOSILLA,**
**Debtor.**

_____

**DAVID G. BAKER,**
**Appellant.**

_____

**Appeal from the United States Bankruptcy Court**
**for the District of Massachusetts**
**(Hon. William C. Hillman, U.S. Bankruptcy Judge)**

_____

**Before**
**Haines, Lamoutte, and Kornreich,**
**United States Bankruptcy Appellate Panel Judges.**

_____

**David G. Baker, Esq., Pro se, on brief for Appellant.**

_____

**November 14, 2011**

_____

Per Curiam.

David G. Baker ("Attorney Baker") appeals the bankruptcy court's order imposing

sanctions in the amount of $9,000 against him for violations of Bankruptcy Rule 9011,[1] and the

denial of his motion to alter or amend that order.  Attorney Baker argues that the bankruptcy

court conceded that there was some legal basis for his arguments and, therefore, sanctions were

inappropriate and "grossly excessive."  For the reasons set forth below, we **AFFIRM**.

## BACKGROUND

A.      **Pre-Bankruptcy Events**

Prior to when he filed for bankruptcy, Alex Hermosilla (the "Debtor") was married to

Hilda Cristina Hermosilla ("Cristina").  During the marriage, the Debtor severely beat Cristina.

As a result of the assault, a criminal complaint was filed against the Debtor for assault and

battery with a dangerous weapon.  Responding to the charges, the Debtor pled sufficient facts to

be found guilty and a guilty verdict was entered against him.  The Debtor received, among other

things, a suspended sentence of nine months in the Essex County House of Correction.

Cristina commenced a divorce action in the Probate and Family Court Department, Essex

County (the "Probate Court") and the Probate Court entered a judgment of divorce nisi.

Thereafter, the Probate Court amended the divorce judgment to include a stipulation of the

parties (the "Stipulation"), which provided in relevant part that: (1) Cristina waived all future

claims to alimony and spousal support; and (2) Cristina and the Debtor waived "any and all

---

[1]   Unless expressly stated otherwise, all references to "Rule" or "Bankruptcy Rule" shall be to
the Federal Rules of Bankruptcy Procedure.  All references to "Bankruptcy Code" or to specific statutory
sections shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention
and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, 119 Stat. 23, 11 U.S.C. §§ 101,
et seq.

claims which could have been or were presented in these divorce proceedings and post divorce

proceedings in [the Probate Court]."

## B.     Bankruptcy Proceedings

The Debtor filed a chapter 7 petition in February 2005.  Thereafter, Cristina commenced

an adversary proceeding seeking, among other things, a determination that her unliquidated

personal injury claim against the Debtor was nondischargeable pursuant to § 523(a)(6).[2]  In a

pre-trial order, the bankruptcy court ordered the parties to file a joint pre-trial statement which

included a statement of facts that required no proof and expressly provided that the statement

"shall supercede the pleadings and govern the course of trial. . . ."  Thereafter, the parties filed an

Amended Joint Pre-Trial Statement ("pre-trial statement") setting forth the stipulated facts.[3]

On March 17, 2010, just prior to the opening statements at trial, Cristina's counsel

asserted that she was entitled to judgment as a matter of law based upon the undisputed material

facts of record.  After hearing arguments by both parties, the bankruptcy court took the matter

under advisement on the stipulated facts and ordered the parties to file supplemental briefs.

On May 26, 2010, the bankruptcy court entered judgment in favor of Cristina, holding

her claim to be nondischargeable under § 523(a)(6).[4]  The bankruptcy court also ordered

Attorney Baker to show cause why he should not be sanctioned for advancing arguments not

---

[2]   Cristina's complaint contained three counts.  However, she withdrew the other two counts on
the eve of trial.

[3]   See Hermosilla v. Hermosilla (In re Hermosilla), 450 B.R. 276, 281-82 (Bankr. D. Mass.
2011) (quoting the stipulated facts relevant to its decision).

[4]   Hermosilla v. Hermosilla (In re Hermosilla), 430 B.R. 13, 25-26 (Bankr. D. Mass. 2010).

warranted by fact or law in violation of Bankruptcy Rule 9011.  The Debtor appealed to the

district court.

Attorney Baker filed a response to the show cause order.  The bankruptcy court held a

hearing and took the matter under advisement.  Several days later, however, the bankruptcy court

suspended proceedings on the show cause order pending resolution of the Debtor's appeal.

The district court ultimately dismissed the appeal for failure to comply with Bankruptcy

Rule 8009, granted Cristina's motion for damages arising from a frivolous appeal, and remanded

the case to the bankruptcy court for a determination of the amount of the award.  See Hermosilla

v. Hermosilla, 447 B.R. 661 (D. Mass. 2011).  Upon dismissal of the appeal, the bankruptcy

court resumed consideration of the show cause order in conjunction with its determination of

damages to be awarded to Cristina for the frivolous appeal.  After a hearing, the bankruptcy

court issued a 45-page decision and order: (1) awarding Cristina $15,306.25 for the frivolous

appeal, and (2) imposing sanctions against Attorney Baker in the amount of $9,000 for violations

of Bankruptcy Rule 9011.[5]  Attorney Baker asked the bankruptcy court to alter or amend the

sanctions award against him by reducing the sanctions amount to $900, but his request was

denied.  He then appealed the imposition of sanctions against him.[6]

## JURISDICTION

Before addressing the merits of an appeal, we must determine that it has jurisdiction,

even if the issue is not raised by the litigants.  See Boylan v. George E. Bumpus, Jr. Constr. Co.

---

[5]  See Hermosilla v. Hermosilla (In re Hermosilla), 450 B.R. 276 (Bankr. D. Mass. 2011).

[6]  Cristina filed a notice of appearance as an appellee and an election to have this appeal heard in
the district court.  Because this case involves only the sanctions award against Attorney Baker and not the
frivolous appeal damages, we concluded that she did not have standing to participate as an appellee and
granted Attorney Baker's request to strike the appearance and election.

4

(In re George E. Bumpus, Jr. Constr. Co.), 226 B.R. 724 (B.A.P. 1st Cir. 1998). We have

jurisdiction to hear appeals from: (1) final judgments, orders and decrees; or (2) with leave of

court, from certain interlocutory orders. 28 U.S.C. § 158(a); Fleet Data Processing Corp. v.

Branch (In re Bank of New England Corp.), 218 B.R. 643, 645 (B.A.P. 1st Cir. 1998). A

decision is considered final if it "ends the litigation on the merits and leaves nothing for the court

to do but execute the judgment," id. at 646 (citations omitted), whereas an interlocutory order

"only decides some intervening matter pertaining to the cause, and requires further steps to be

taken in order to enable the court to adjudicate the cause on the merits." Id. (quoting In re

American Colonial Broad. Corp., 758 F.2d 794, 801 (1st Cir. 1985)). A bankruptcy court order

imposing sanctions for violations of Bankruptcy Rule 9011 is a final, appealable order where, as

here, it resolves all of the issues pertaining to a discrete claim. See Lafayette v. Collins (In re

Withrow), 405 B.R. 505, 511 (B.A.P. 1st Cir. 2009) (citations omitted); White v. Burdick (In re

CK Liquidation Corp.), 321 B.R. 355, 361 (B.A.P. 1st Cir. 2005) (citing 10 Lawrence P. King,

Collier on Bankruptcy, ¶ 9011.10 (15th ed. rev. 2004)); see also Tringali v. Hathaway Machinery

Co., Inc., 796 F.2d 553, 558 (1st Cir. 1986); Caterpillar Fin. Servs. Corp. v. Braunstein (In re

Henriquez), 261 B.R. 67, 70 (B.A.P. 1st Cir. 2001).

## STANDARD OF REVIEW

Appellate courts apply the clearly erroneous standard to findings of fact and *de novo*

review to conclusions of law. See Lessard v. Wilton-Lyndeborough Coop. School Dist., 592

F.3d 267, 269 (1st Cir. 2010). We review the bankruptcy court's imposition of sanctions under

Bankruptcy Rule 9011 for manifest abuse of discretion. See In re Withrow, 405 B.R. at 511; see

also CQ Int'l Co., Inc. v. Rochem Int'l, Inc., USA, No. 10-1838, 2011 WL 4537177, *4 (1st Cir.

Oct. 3, 2011).  An abuse of discretion occurs if the court "based its ruling on an erroneous view

of the law or on a clearly erroneous assessment of the evidence."  <u>CQ Int'l Co.</u>, 2011 WL

4537177, at *4.

## DISCUSSION

**I.      Violations of Bankruptcy Rule 9011(b)**

Bankruptcy Rule 9011(b) provides that an attorney or pro se party who presents a

document to the court certifies, among other things, that it is not presented for an improper

purpose, that its arguments are warranted by existing law or by nonfrivolous arguments to

modify the existing law, and that its factual assertions (or denials thereof) are supported by

evidence.  <u>See</u> Fed. R. Bankr. P. 9011(b).[7]  This rule "'emphasizes responsible behavior on the

part of [attorneys]' and requires them 'to conduct [themselves] in a manner bespeaking

reasonable professionalism and consistent with the orderly functioning of the judicial system.'"

<u>In re Anctil Plumbing & Mech. Contractors, Inc.</u>, 416 B.R. 333, 358 (Bankr. D. Mass. 2009)

---

[7]  Specifically, this rule provides, in relevant part:

(b) Representations to the court.  By presenting to the court (whether by signing, filing,
submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or
unrepresented party is certifying that to the best of the person's knowledge, information, and
belief, formed after an inquiry reasonable under the circumstances, —

***

   (2) the claims, defenses, and other legal contentions therein are warranted by existing law
   or by a nonfrivolous argument for the extension, modification, or reversal of existing law
   or the establishment of new law;

   (3) the allegations and other factual contentions have evidentiary support or, if
   specifically so identified, are likely to have evidentiary support after a reasonable
   opportunity for further investigation or discovery . . .

Fed. R. Bankr. P. 9011(b)(2), (3).

(citing Featherston v. Goldman (In re D.C. Sullivan Co., Inc.), 843 F.2d 596, 598 (1st Cir.

1988)).

In examining the actions of counsel, the First Circuit has stated that "[s]ubjective good

faith is not the issue; generally, Rule 9011 demands that counsel's actions comport with an

objective standard of lawyerly performance." Id. (citing In re D.C. Sullivan, 843 F.2d at 599);

see also CQ Int'l Co., 2011 WL 4537177, at *8 ("Whether a litigant breaches his or her duty

[under Rule 11] to conduct a reasonable inquiry into the facts and the law depends on the

objective reasonableness of the litigant's conduct under the totality of the circumstances."). The

focus is not whether the claim asserted was frivolous, but whether the attorney conducted an

adequate inquiry into the facts and the law before filing the claim. In re Anctil Plumbing, 416

B.R. at 358 (citing In re Excello Press, Inc., 967 F.2d 1109, 1111-12 (7th Cir. 1992)).

Attorney Baker argues that subjective intent is "entirely relevant" to the inquiry, citing

Ameriquest Mortg. Co. v. Nosek (In re Nosek), 609 F.3d 6 (1st Cir. 2010). In In re Nosek, the

First Circuit stated as follows: "Accuracy of representations is an objective matter, as is the

reasonableness of any inquiry actually made. But subjective intent can bear on whether to

impose a sanction and what amount to fix. . . . Even a dog, said Holmes, distinguishes between

being kicked and being stumbled over. O.W. Holmes, *The Common Law* 3 (1881)." Id. at 9-10.

However, subjective good faith is not enough to protect an attorney from sanctions. See Cruz v.

Savage, 896 F.2d 626, 631 (1st Cir. 1990). "A violation of Rule 11 . . . might be caused by

inexperience, incompetence, willfulness, or deliberate choice." Sylver v. Sec. Pac. Servs., Inc.

(In re Sylver), 214 B.R. 422, 428 (B.A.P. 1st Cir. 1997) (quoting Cruz v. Savage, 896 F.2d at

631).

7

Courts have broad discretion in deciding whether counsel acted responsibly under the circumstances.  Parker v. Boston Univ. (In re Parker), 334 B.R. 529, 538 (Bankr. D. Mass. 2005) (citing In re D.C. Sullivan, 843 F.2d at 599).  Bankruptcy Rule 9011 should not be imposed, however, "to chill reasonable creativity on counsel's part."  See Maine Audubon Society v. Purslow, 907 F.2d 265, 268 (1st Cir. 1990).  Counsel is free to argue for an extension or modification of existing law; however, such an argument is frivolous if no reasonable argument can be advanced.  See In re CK Liquidation Corp., 321 B.R. at 364.

### A. Argument not warranted by existing law or nonfrivolous argument to extend existing law

The Panel has explained that:

> A legal argument is not warranted by existing law if it is based on legal theories that are plainly foreclosed by well-established legal principles and authoritative precedent, unless the pleading plainly argues for a reversal or change of law and presents a nonfrivolous argument to support that position. . . .
>
> * * *
>
> However, a legal argument need not ultimately prevail in order to be warranted by existing law. . . . In particular, courts generally do not conclude that an unsuccessful argument is not warranted by existing law where the argument involves unsettled or highly complex law.

In re CK Liquidation Corp., 321 B.R. at 362-63 (citations omitted).

In the Memorandum of Law filed on behalf of the Debtor, Attorney Baker set forth four defenses that the bankruptcy court concluded had no basis in law or fact.  In its 45-page decision on sanctions, the bankruptcy court provided an extensive analysis and discussion as to each of the defenses raised by Attorney Baker, and ultimately rejected each of those arguments as having no basis in law or fact.  The core of Attorney Baker's position on appeal is that the bankruptcy

court "acknowledged repeatedly that the appellant had some basis for the arguments he made"

and, therefore, its imposition of sanctions was a manifest abuse of its discretion.  This theme

continues throughout the brief and Attorney Baker repeatedly quotes phrases from the

bankruptcy court's decision to argue that the bankruptcy court conceded that each of the

defenses had some basis in law.  As discussed below, most of these quotations are presented out

of context and with key portions of the court's discussion missing.

> **1. Advancing an argument contrary to express provisions of the Bankruptcy Code without supporting authority - the Statute of Limitations Defense**

Attorney Baker argued that Cristina's personal injury claim was time-barred by the three-

year statute of limitations under Massachusetts law.  Citing <u>Buker v. Nat'l Mgmt. Corp.</u>, 448

N.E.2d 1299 (Mass. App. Ct. 1983), he asserted that the statute of limitations was not tolled

because of the Debtor's bankruptcy.  He contended, therefore, that even if Cristina had pled

sufficient facts to state a claim, she was barred from liquidating it by the statute of limitations.

Section 108(c) expressly provides for the tolling of an unexpired statute of limitations

during the pendency of a debtor's bankruptcy.  As the Debtor filed his petition less than two

years after the assault, the three-year statute of limitations provided under Massachusetts law had

not expired prior to the petition date and was clearly tolled by § 108(c).  Thus, the bankruptcy

court rejected Attorney Baker's argument as "blatantly erroneous as the Bankruptcy Code

unequivocally provides for the tolling."  The bankruptcy court also held that <u>Buker</u> was

inapplicable to this case as it involved pre-Bankruptcy Code law and Attorney Baker was on

notice as to the existence of § 108(c) because the <u>Buker</u> case expressly referenced that section.

In his brief, Attorney Baker acknowledges that his "application of [§ 108] to this case was incorrect,"[8] but goes on to say that "viewing the matter subjectively, the arguments were not unreasonable at the time, nor it is [sic] clear that appellant said anything that was 'patently false', as the bankruptcy court stated."  First, as set forth above, the standard is not whether Attorney Baker subjectively believed in good faith at the time he made the argument that the Debtor's bankruptcy did not toll the unexpired statute of limitations.  The appropriate standard is whether the attorney conducted an adequate inquiry into the law before asserting the argument.  See In re Anctil Plumbing, 416 B.R. at 358.  Second, his statement in his memorandum that "[t]he statute of limitations is not tolled because of [Debtor's] bankruptcy" was, in fact, "patently false."

Attorney Baker also argues that "the bankruptcy court acknowledged some support for the arguments," stating:

> On page 22 of the Memorandum, the court says "Admittedly, the Buker case includes language [that would support appellant's argument] . . . Although the Buker case may appear to support Attorney Baker's position at first glance, . . ."  On page 24, the court says: "Attorney Baker is correct that 11 USC § 108 was not applied in the Fox case, . . . ."

According to Attorney Baker, the fact that the bankruptcy court admitted he was "correct" in some respects should have ended the sanctions inquiry.  He takes, however, the bankruptcy court's quotes out of context and does not include the majority of the bankruptcy court's statement, which is as follows:

> Admittedly, the Buker case includes language stating that "[t]he plaintiffs do not cite any case or statute which holds that the statute of limitations is tolled during the period that the assets of the bankrupt are under the

---

[8]  This is an interesting statement in and of itself, as he did not even cite to § 108(c) in the Memorandum of Law and therefore, it was not that he applied § 108(c) inappropriately, but that he refused to acknowledge the existence of that section at all.

control of a trustee in bankruptcy."  Nonetheless, the clarifying footnote at
the end of that sentence states as follows:

> The Bankruptcy Act provides that the trustee in bankruptcy may
> bring suit on behalf of the debtor's estate within two years of the
> time the debtor was adjudicated bankrupt if, at the time the debtor
> filed for bankruptcy, the claim was not time barred. 11 U.S.C.
> § 29(e) (1976).  (In 1978 the Bankruptcy Act was substantially
> altered.  See now 11 U.S.C. § 108[a] [Supp. V 1981].) Kagan v.
> Levenson, 334 Mass. 100, 102-103, 134 N.E.2d 415 (1956). The
> plaintiffs do not suggest that § 29(e), obviously enacted to
> encourage an orderly marshalling of an estate in bankruptcy, has
> any relevance to the contention that they advance before this court.

> Although the Buker case may appear to support Attorney Baker's position
> at first glance, the footnote to the operative language should have put him
> on notice that the ruling was based on pre-Bankruptcy Code law and that
> 11 U.S.C. § 108 substantially altered that scheme.

Thus, rather than conceding that Attorney Baker's argument had some merit, the bankruptcy

court was clear that his reliance on Buker and his failure to acknowledge the tolling clause set

forth in § 108 (despite the Buker footnote's acknowledgment that § 108(c) substantially altered

prior bankruptcy law), was objectively unreasonable.

Finally, Attorney Baker argues that the bankruptcy court erred by employing exclusively

an "objectively reasonable" standard and that "subjectively, the appellant could have believed

(and would state that the [sic] did believe) that the argument was reasonable as regards the

application, extension or modification of existing law, and thus within the bounds of Rule 11."

Although the First Circuit has stated that "subjective intent can bear on whether to impose a

sanction," see In re Nosek, 609 F.3d at 9-10, Attorney Baker is trained in the law and well

traveled in the bankruptcy court.  Thus, his advancement of an argument that directly contradicts

an express provision of the Bankruptcy Code cannot be excused.  As we have already explained,

subjective good faith is not enough to protect an attorney from sanctions.  See Cruz v. Savage,

896 F.2d at 631.  Moreover, although counsel is free to argue for an extension or modification of existing law, such an argument is frivolous if no *reasonable* argument can be advanced.  See In re CK Liquidation Corp., 321 B.R. at 363-64.  Such is the case here.

> **2.  Advancing an argument contrary to well-established legal precedent regarding the jurisdiction of the Massachusetts Probate Court without supporting authority - The Waiver Defense**

Attorney Baker argued that Cristina "waive[d] any and all claims which could have been or were presented" to the Probate Court, including her personal injury claim.  Citing to Apostolicas Props. Corp. v. Richman, 555 N.E.2d 238 (Mass. App. Ct. 1990), Attorney Baker argued that "where a divorce court takes into consideration and makes findings on tort-based issues in making decisions on alimony and support, those findings are *res judicata*."  He contended, therefore, that because tort based issues were presented to the Probate Court, as evidenced by reference to Cristina's "alleged" injuries in the Probate Court's memorandum, she has already been compensated for her injuries and waived her personal injury claim.  Although he conceded that in Heacock v. Heacock, 520 N.E.2d 151 (Mass. 1988), the Supreme Judicial Court of Massachusetts held that the Probate Court lacks jurisdiction over torts, he claimed that Apostolicas Properties Corp. provided an exception to the general rule.

The bankruptcy court rejected this defense.  It noted that the Heacock case, which addressed the issue of whether a personal injury claim could have been decided by the Probate Court, was directly on point but that Attorney Baker nonetheless advanced an argument contrary to that case.  The bankruptcy court also concluded that Attorney Baker's reasoning with respect to Apostolicas Properties Corp. was flawed and that his arguments were contrary to both cases.

In his brief, Attorney Baker contends that the bankruptcy court acknowledged that his waiver argument has some basis, stating:

> On page 28, the bankruptcy court grudgingly acknowledges that [Attorney Baker]'s argument has at least some basis: "From the outset, I note that the Apostolicas Properties Corp. case is distinguishable from Heacock, but not in the way suggested by Attorney Baker."

According to Attorney Baker, the "bankruptcy court's agreement that the two cases were distinguishable, even if not in the way urged by [him], should have ended the consideration of sanctions."  Once again, Attorney Baker misconstrues the bankruptcy court's conclusion.  The bankruptcy court held that Attorney Baker's arguments were objectively unreasonable as they were contrary to both the Heacock and Apostolicas Properties Corp. holdings, which were the purported bases for his argument.  His arguments relied on unsupported assumptions regarding those decisions and had no basis in law or fact.

Attorney Baker then points out that the bankruptcy court stated: "While I concede that his negative inference . . . is sound . . . ."  He argues that, having made that "concession," the bankruptcy court's Rule 11 inquiry should have stopped.  Once again, Attorney Baker leaves out significant portions of the bankruptcy court's statement, which provided:

> While I concede that his negative inference, namely, that factual issues relating to tort claims may, in some circumstances, be preclusively decided by the Probate Court, is sound, Attorney Baker's application is far too broad and conflates collateral estoppel with res judicata.  Effectively, he is attempting to preclude the claim under res judicata because the issues relating to it were finally decided under principles of collateral estoppel.

Thus, contrary to Attorney Baker's assertion, the bankruptcy court was not, in fact, conceding that his argument was objectively reasonable under the circumstances.

13

Attorney Baker also argues that the bankruptcy court erred in distinguishing collateral estoppel from res judicata, and that "it can be legitimately argued that the issues were identical, even if the claims were not; litigation of issues relates to the finding of facts, not law, so it seems reasonable to argue that the factual findings relating to cruel and abusive treatment in the divorce action necessarily 'prevents relitigation in a later [tort] action, based on a different claim . . . between the same parties or their privies." However, there is simply nothing to support Attorney Baker's claim that cruel and abusive treatment was considered and resolved by the Probate Court in its decisions relating to alimony and support.

### 3. Advancing arguments foreclosed by the pre-trial order and pre-trial statement

Attorney Baker argued that the complaint should be dismissed for failure to state a cause of action because it did not allege that Cristina was intentionally injured by the Debtor, that she incurred a monetary loss as a result, that a debt existed resulting from the intentional injury, that she had been awarded a monetary judgment, nor did it describe the nature of her injury.[9] The bankruptcy court determined that the Debtor admitted to both the injury and intent in the following passages of the pre-trial statement:

---

[9]  Attorney Baker initially argued that "[t]he specific injury that resulted must have been *intended*" and that because Cristina did not describe any injury, it was impossible to conclude the Debtor had the intent to cause that injury. In support, he cited <u>Kawaauhau v. Geiger</u>, 523 U.S. 57 (1998). The bankruptcy court rejected this argument, pointing out that <u>Geiger</u> does not require a debtor to intend the specific injury, only the consequences of an act. Attorney Baker attempted to clarify his argument in his response to the show cause order, stating that the bankruptcy court misunderstood his argument by focusing on his reference to a "*specific* injury." "Instead, the argument is that no injury was pled in the complaint and was not admitted in the joint pre-trial statement . . . To the extent that the word 'specific' has any import in this context, it is that the injury that resulted (assuming one could be proven) must have a causation relationship to the act allegedly done by the tortfeasor." The bankruptcy court acknowledged Attorney Baker's attempt to clarify his argument on this point but ultimately concluded that his argument was contrary to admitted statements in the pre-trial statement, as set forth below.

14

> At the time [the Debtor] committed the physical acts referenced above, he
> intended to cause and . . . did cause Cristina such physical harm that she
> was caused to seek and obtain medical care for her injuries and did cause
> her such emotional harm that she was cased [sic] to seek and obtain care
> for her emotional condition.

> Cristina became indebted for services rendered to her for her physical and
> emotional injuries and for which [the Debtor] is liable to Cristina together
> with the physical and emotional damages [the Debtor] caused Cristina.

In light of these admissions, the bankruptcy court concluded that Attorney Baker's arguments

were contrary to the pre-trial order and the pre-trial statement which expressly provide that the

pre-trial statement supercedes all pleadings filed in the case.

In his brief, Attorney Baker contends that he "underestimated the weight that the

bankruptcy court would put on the admissions in the Pre-Trial Statement" but that this did not

warrant sanction.  According to Attorney Baker, "judges have much practice being inscrutable at

trial or oral argument, and an error in 'reading' the judge is a common, accepted 'road hazard' in

litigation but should not result in a finding that Rule 9011 has been violated."  He further

explains that the bankruptcy court "consistently mis-states" his arguments about the admissions.

"Appellant was not arguing that the facts somehow were other than what the debtor admitted in

the pre-trial statement . . . What appellant was arguing was that the facts did not support a non-

dischargeable 'willful and malicious injury', as that phrase is defined by binding case law."  He

then cites to Printy v. Dean Witter Reynolds, Inc., 110 F.3d 853 (1st Cir. 1997), for the

proposition that an injury may be a malicious injury only if it was "wrongful and without just

cause or excuse."  Attorney Baker argues that although the Debtor admitted that he

"purposefully struck" his ex-wife, he did not admit that he did so "without just cause or excuse."

Attorney Baker contends, therefore, that it was not improper to argue that the admissions "did

15

not add up to summary judgment since there was no evidence or admission that there was no

'just cause or excuse.'"

First, Attorney Baker's argument that he "underestimated the weight that the bankruptcy

court would put on the admissions" is unreasonable.  The bankruptcy court put both parties on

notice in its pre-trial order that the stipulated facts in the pre-trial statement were deemed

admitted and that those admissions would supersede the pleadings.  Moreover, although

Attorney Baker now contends that he was only arguing that the admissions were insufficient to

form a basis for summary judgment, that argument directly contradicts his statements in the legal

memorandum he submitted to the bankrutpcy court on the Debtor's behalf that "the plaintiff has

failed to state a cause of action and the count must be dismissed."  Similarly, in his response to

the show cause order, Attorney Baker argued as follows:

> Two points need to be remembered: the joint pre-trial statement was
> prepared by attorney Brown, who was not particularly open to
> modification of his work, and the "admissions" made in it all were taken
> from the amended complaint, not from depositions (there were none) or
> other discovery.  Thus, in arguing that the complaint was deficient . . . I
> was doing no more than arguing that the admissions in the joint pre-trial
> statement, being drawn from the complaint, are insufficient, by
> themselves, to warrant summary judgment.

Attorney Baker simply cannot escape the fact that he was challenging the sufficiency of the

complaint despite the admissions made in the pre-trial statement.

Finally, this is the first time that Attorney Baker has cited Printy or argued that the

admitted facts were insufficient because there was no evidence or admission that the Debtor's

actions were without "just cause or excuse."  Attorney Baker is not permitted to advance such an

argument for the first time on appeal.  See Banco Bilbao Vizcaya Argentaria v. Wiscovitch-

Rentas (In re Net-Velázquez), 625 F.3d 34, 40 (1st Cir. 2010) ("[A]bsent the most extraordinary

circumstances, legal theories not raised squarely in the lower court cannot be broached for the

first time on appeal").

## II.      Imposition of Sanctions under Bankruptcy Rule 9011(c)

Attorney Baker argues that even if some degree of sanctions was warranted, the $9,000

amount was "grossly excessive in view of the bankruptcy court's admissions that there was some

basis for the arguments made."

If, after issuing a show cause order, the court determines that a violation of Bankruptcy

Rule 9011 has occurred, "the court may . . . impose an appropriate sanction upon the attorneys,

law firms, or parties that have violated [it] or are responsible for the violation."  Fed. R. Bankr.

P. 9011(c).  The sanction may consist of "directives of a nonmonetary nature, an order to pay a

penalty into court, or, if imposed on motion and warranted for effective deterrence, an order

directing payment to the movant of some or all of the reasonable attorneys' fees and other

expenses incurred as a direct result of the violation."  Id.  Courts have discretion to tailor

sanctions to the particular facts of the case, although the sanction "shall be limited to what is

sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."

Id.  "Although a bankruptcy court has broad discretion in setting sanctions, . . . deference 'is not

to be confused with automatic acquiescence . . . and a reviewing court can find a sanction

unreasonable in itself or in amount."  In re Nosek, 609 F.3d at 9 (citations omitted).

In this case, the bankruptcy court's imposition of sanctions against Attorney Baker was

clearly designed to deter future misconduct and as such must be limited to the minimum sum

necessary for deterrence.  See Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d 228, 248 (1st Cir. 2010).

Thus, we must determine whether the award of $9,000 in sanctions was sufficiently in excess of what was necessary for deterrence so as to constitute an abuse of discretion. <u>Id.</u>

Although there is "no mathematical formula for calibrating sanctions to the optimal sum that will preserve a deterrent effect while imposing no more a burden on the parties or attorneys than is necessary," <u>id.</u>, the First Circuit has noted that the Advisory Committee notes to Fed. R. Civ. P. 11 offer a non-exhaustive list of factors relevant to this determination:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; [and] what amount is needed to deter similar activity by other litigants.

<u>Id.</u>; <u>In re Nosek</u>, 609 F.3d at 9.

In the context of this case, several of these factors weigh in favor of a sanction that is not just a slap on the wrist but carries instead some lasting sting. First, this is not the first time Attorney Baker has been sanctioned for violating Bankruptcy Rule 9011 in connection with this bankruptcy case. As the bankruptcy court pointed out, it had previously imposed sanctions of $1,585.70 against Attorney Baker in the Debtor's main case for filing a motion for sanctions that was "wholly without merit." <u>See</u> <u>In re Hermosilla</u>, 375 B.R. 20 (Bankr. D. Mass. 2007), <u>aff'd</u>, <u>Baker v. Keller (In re Hermosilla)</u>, 2008 U.S. Dist. LEXIS 123130 (D. Mass. Sept. 30, 2008). Additionally, Attorney Baker's disregard for the binding nature of stipulated facts forced the bankruptcy court to expend considerable resources needlessly on an otherwise stipulated case. His actions transformed a simple nondischargeability proceeding into a protracted, five-year

18

litigation.  Under the circumstances, the $9,000 sanction the court imposed was not "grossly excessive" and was consistent with controlling authority.[10]

## CONCLUSION

For the reasons set forth above, we conclude that the bankruptcy court did not abuse its discretion by imposing sanctions in the amount of $9,000 against Attorney Baker for violations of Bankruptcy Rule 9011, or by denying his request to alter or amend the sanctions award by reducing the sanctions amount.  Therefore, we **AFFIRM** both orders.

---

[10]  See, e.g., In re Nosek, 609 F.3d at 10 (holding sanction of $250,000 under Bankruptcy Rule 9011 to be excessive and reducing to $5,000); Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F.3d 45, 49 (1st Cir. 2009) (noting district court's order imposing sanctions of $2,000); Roger Edwards, LLC v. Fiddes & Son Ltd., 437 F.3d 140 (1st Cir. 2006) (upholding Rule 11 sanction of $4,553.10, and awarding $1,500 in sanctions and double costs under Fed. R. App. P. 38); Nyer v. Winterthur Int'l, 290 F.3d 456 (1st Cir. 2002) (upholding Rule 11 sanctions of $8,690); Pimentel v. Jacobsen Fishing Co., Inc., 102 F.3d 638 (1st Cir. 1996) (imposing sanctions of $8,406 on counsel, pursuant to Fed. R. App. P. 38 and 28 U.S.C. § 1927); O'Ferral v. Trebol Motors Corp., 45 F.3d 561, 564 (1st Cir. 1995) (upholding award of $8,000 in Rule 11 sanctions); Mariani v. Doctors Assocs., Inc., 983 F.2d 5 (1st Cir. 1993) (affirming $7,500 in Rule 11 sanctions); Navarro-Ayala v. Nunez, 968 F.2d 1421, 1428 (1st Cir. 1992) (holding Rule 11 sanction of $20,000 to be excessive and reducing to $6,500).